UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| CHERYL WHITE, <br> 2042 Lakeview Ave <br> Oregon OH 43616, <br>   on behalf of herself and all others <br>   similarly situated, <br><br>         Plaintiff, <br><br> v. <br><br> POWERS FRIEDMAN LINN PLL <br> c/o Laurence Powers, agent <br> 23240 Chagrin Blvd, Ste. 180 <br> Cleveland OH 44122, <br><br>         Defendant. | Civil Action No.: <br><br> JUDGE: |

\* \* \*

**Class Action Complaint**
**(Jury Demand Endorsed Hereon)**

### Introduction

    This class action lawsuit is brought pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq*. ("FDCPA"), wherein named Plaintiff alleges that Defendant Powers Friedman Linn PLL, a law firm, has engaged in unfair and deceptive acts, including false and misleading statements about consumers' debts and attempts to collect amounts not owed.  These statements were made in complaints filed in courts for the purposes of obtaining judgments against debtors in collection law suits and to coerce debtors into paying alleged debts.

### Jurisdiction

1. Jurisdiction is conferred on this court by 28 U.S.C. § 1337 and 15 U.S.C. § 1692 k(d).

2. Venue is proper in this district because Defendant is organized under Ohio law, has its principle place of business within the district, and the events complained of occurred in Lucas County, Ohio.

### Parties

3. Plaintiff Cheryl White ("Ms. White") is a natural person residing in Lucas County, Ohio.

4. Defendant Powers Friedman Linn PLL ("Powers Friedman") is a limited liability partnership organized under the laws of the State of Ohio, with its principal place of business in Cuyahoga County, Ohio.

5. At all times relevant, Powers Friedman was engaged in the practice of law and in the business of collecting debts.

6. At all times relevant, Powers Friedman regularly engaged in the collection of debts alleged to be due another, using the mails, telephone, and courts of Ohio.

7. At all times relevant, Powers Friedman collected debts of another as a substantial part of its law practice.

### Factual Allegations Common To All Causes of Action

8. In December 2007, Ms. White signed a lease for an apartment in Lucas County, Ohio ("the Lease"). Powers Friedman previously alleged that Ms. White vacated the apartment in or about March 2009, and owed certain amounts under the Lease which had not been paid (the "Alleged Debt").

9. Plaintiff incurred the Alleged Debt for her personal, family or household use. She lived in the apartment which was the subject of the Lease.

10. On February 1, 2017, on behalf of its client, Powers Friedman filed a civil law suit against Ms. White in Toledo Municipal Court, in Lucas County, Ohio, which was assigned case number CVG 175801666 (the "Collection Suit").

11. The Collection Suit was an attempt to collect the Alleged Debt.

12. A copy of the original Complaint in the Collection Suit is attached as Exhibit 1.

13. Powers Friedman caused a copy of the Complaint to be served on Ms. White on February 28, 2017.

14. On March 29, 2017, on behalf of its client, Powers Friedman filed an Amended Complaint in the Collection Suit.

15. A copy of the Amended Complaint in the Collection Suit is attached as Exhibit 2.

16. Both the Complaint and Amended Complaint attempted to collect an amount that included $175 for "legal fees."

17. Upon information and belief, the $175 in legal fees was an attorney fee.

18. Under long-standing Ohio law, it is illegal to require a consumer to pay a creditor's attorney fees even when a contract calls for it, with limited exceptions not relevant here. See, e.g., *Wilborn v. Bank One Corp.,* 121 Ohio St.3d 546 (2009); *Moxley v. Pfundstein*, 801 F. Supp. 2d 598 (N.D. Ohio 2011) (citing *Wilborn* and other Ohio authorities dating to 1893).

19. On or about April 6, 2009, Powers Friedman had sent Ms. White a letter indicating that the balance due was $3881.00.

20. Both the Complaint and Amended Complaint attempted to collect $4,131.00, an extra $250.00 beyond what Powers Friedman had previously said was due.

21. Upon information and belief, Ms. White did not owe the additional $250.00.

22. At the times the Complaint and Amended Complaint were filed in the Collection Suit, Ms. White did not owe $4,131.00.

23. Powers Friedman's acts of representing in the Complaint and Amended Complaint in the Collection Case that Ms. White owed $4,131.00 to its client, when part of the amount was for attorney fees was misleading, deceptive and unfair.

24. Powers Friedman's acts of representing in the Complaint and Amended Complaint in the Collection Case that Ms. White owed $4,131.00 to its client, when part of the amount was an additional $250.00 which Ms. White did not owe, was misleading, deceptive and unfair.

25. When Ms. White saw the Complaint and Amended Complaint in the Collection Suit, she thought the amount was too high, and was worried, frustrated and concerned that she was being sued for too much money.

## CLASS ACTION ALLEGATIONS

26. The named Plaintiff incorporates by reference all of the above allegations as if fully rewritten herein.

27. Ms. White is bringing this action on behalf of herself and other members of a general class of consumers consisting of all Ohio residents, who:

    a. were sued in an Ohio court by Powers Friedman at any time from one year prior to this action being filed, through the present, in an attempt to collect a consumer debt; and

    b. where the alleged debt included any amount for attorney fees; or

    c. where the alleged debt included an amount not owed to the creditor.

28. This class action claim is made pursuant to the provisions of Rule 23(a) and 23(b)(3) for monetary damages and other relief consistent with and subordinate thereto, including costs and expenses of investigation and litigation and attorney fees.

29. Powers Friedman files numerous civil collection cases on behalf of creditors against consumer debtors.

30. Powers Friedman's internet web site states that it represents "a diverse group of Landlords," and has experience that includes handling evictions and debt collection.

31. Upon information and belief, Ms. White alleges that the class so represented by named Plaintiff in this action, and of which she is a member, consists of those persons defined above and is so numerous that joinder of individual members is impracticable.

32. There are common questions of law and fact in the action that relate to and affect the rights of each member and the relief sought is common to the entire class. These questions include, but are not necessarily limited to:

   a. whether Powers Friedman filed law suits in Ohio which attempted to collect alleged debts from consumers which included attorney fees;

   b. whether Powers Friedman filed law suits in Ohio which attempted to collect more from consumers than they owed; and

   c. whether Powers Friedman's practices of attempting to collect attorney fees and amounts not owed violate the FDCPA.

33. Named Plaintiff's claims are typical of the claims of the class, in that the claims of all members depend on a showing of the acts and omissions of Powers Friedman giving rise to the relief sought herein.

34. There is no known conflict between the named Plaintiff and other members of the class with respect to this action, or with respect to the claims for relief set forth herein.

35. Named Plaintiff is a representative party and is able to, and will, fairly and adequately protect the interests of the class.

36. Named Plaintiff's attorneys are experienced and capable in the field of consumer rights and protection, and class actions, and have successfully represented claimants in similar litigation.

37. This action is properly maintained as a class action in that the prosecution of separate actions by individual class members creates risk of individual adjudications, which would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudication, or would substantially impair or impede their ability to protect their interests.

38. This action is properly maintained as a class action in that the prosecution of separate actions by individual members of the class would create risk of varying individual adjudications, which would establish incompatible standards of conduct for Powers Friedman, who is expected to oppose them.

39. This action is properly maintained as a class action inasmuch as the questions of law and fact common to the class members predominate over any questions affecting only individual members; a class action is superior to other methods available for the efficient adjudication of the controversy; the relief sought by all members will be effective and appropriate for the entire class; and all members of the class have a right to damages or other relief which may be readily computed in each case or otherwise readily determined, including statutory damages pursuant to 15 U.S.C. 1692k.

40. The identity of each individual member of the class can be ascertained from the books and records maintained by Powers Friedman and to some extent, from public Court records in Ohio. The size of the class is unknown, but is expected to be readily ascertainable from the Defendant's records, and is expected to be well in excess of 40.

41. Because many of the persons with whom Powers Friedman has dealt, or who were affected by its activities, may not be aware of their rights, or may not be in a financial position to assert such rights readily, and because relegation of their claims to individual actions would result in a unreasonable multiplicity of suits and a corresponding burden on this and other courts, a class action is far superior to all other methods for a fair and efficient adjudication of this controversy.

**Claim for Relief –Violations of the Fair Debt Collection Practices Act**
**(Class Action Claim)**

42. The Named Plaintiff realleges and reincorporates herein by reference the allegations above as though fully set forth herein.

43. At all times relevant to this case, Powers Friedman was a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

44. The actions of Powers Friedman violated one or more sections of the FDCPA, specifically 15 U.S.C. 1692e, e(2), e (5), (10) and/or 15 USC 1692f and f(1).

45. As a result of the above violations of the FDCPA, Powers Friedman is liable to the Plaintiff, and each class member for: (1) any actual damages sustained as a result of the violation; (2) statutory damages in the amount of one percent (1%) of the net worth of Powers Friedman not to exceed $500,000; and (3) costs and reasonable attorney fees. See 15 U.S.C. § 1692k(a).

**WHEREFORE**, Plaintiff respectfully requests the following relief:

a. A determination that it is appropriate for class certification and/or class treatment;

b. Statutory and actual damages as may be awarded by the Court;

c. Reasonable attorney fees for all services performed by counsel in the investigation and prosecution of this claim, as provided by law;

d. Reimbursement for all costs and expenses incurred in connection with the prosecution of these claims; and

e. Statutory interest, and any and all other relief this Court may deem appropriate.

## JURY DEMAND

Plaintiff hereby demands a Trial By Jury on all issues and claims contained in this Complaint, as permissible under law.

Respectfully submitted,

*/s/Gregory S. Reichenbach*
Gregory S. Reichenbach (Ohio Bar #0077876)
P.O. Box 711
Perrysburg, OH  43552-0711
(419) 529-8300
FAX: (419) 529-8310
Email: Greg@ReichenbachLaw.com


*/s/ Matthew B. Bryant*
Matthew B. Bryant (Ohio Bar #0085991)
BRYANT LEGAL, LLC
3450 W Central Ave., Suite 370
Toledo, OH 43604
Phone: (419) 824-4439
Fax:    (419) 932-6719
Email: mbryant@bryantlegalllc.com

Attorneys for Named Plaintiff